TuRLBy, J.
delivered the opinion of the court.
A.-JB. Hand, sheriff of Perry county, received in his hands sundry executions in the name of-the State of Tennessee, which he failed to return according to law. The solicitor for the State, at the January term, 1844, of the Circuit Court of Perry *516 county, obtained judgment against him on motion for the amount of fine and costs, as specified in the executions. To reverse which, this writ of error is prosecuted.
The counsel for the plaintiffs in error now contends that there is no law warranting a proceeding on behalf of the State, by motion, for such neglect on the part of the sheriff, in failing to return the executions. This makes it necessary to look into the statutes upon the subject.
The act of 1803, ch. 18, sec. 1, provides that “if any sheriff or other officer of this State shall fail or refuse to make return of any execution that may have come to his hands, issued from the Clerk of the County or Circuit Court where such officer resides, on or before the second day of the term to which such execution is made returnable, judgment may be rendered against such officer and his sureties, for the amount of the money and costs mentioned in such execution, on motion of the party aggrieved, and proof that such execution came to the officer’s hands.”
The fair construction of the words “party aggrieved” is the plaintiff in the execution, and is as well applicable to the State as individual suitors. This has never been doubted; in fact, judgments have been rendered again and again, against sheriffs and coroners in favor of the State, in such cases; and it is right and proper that it should be done. But it is argued, that inasmuch as statutes have been enacted, by which persons entitled to cost, viz, clerks, witnesses, &c. may move individually for such cost against the defaulting officer, that the power on the part of the State so to do, is repealed. To this argument we cannot yield our assent. The' manifest import of those statutes is, to give relief to those entitled to costs, when the plaintiff in the execution will not move himself; so that they may not be remediless, — but still leaving in all cases the power to the plaintiffs to protect themselves, and all others interested in the execution, by this remedy if they please. And the necessary consequence of such movement on the part of the plaintiff, is to suspend the right of others interested, from a like action. To hold otherwise would be productive of much mischief; for as it would necessarily prohibit the plaintiff in an execution *517 from moving for tiny thing else iban what is coming to him individually, it forces a motion in behalf of every individual claiming, and entitled to, costs under the execution.
The decision made at the last term of this court upon the statute of 1833, ch. 43, has no application whatever to this case. That statute makes it the duty of the Attorney General “on the' second day of each and every term of the County, Circuit or Supreme Court held in his district, to call upon the clerk of said court for his execution docket. And if it shall appear' that an execution or executions have been placed in the hands of any of the sheriffs of this State, upon which any amount may be endorsed for fine, State tax, &c. which amount when collected would properly belong to the State or County revenue, or common school fund, and said execution has not been returned, it shall be the duty of said Attorney General to move for payment against such sheriff and his sureties, in favor of the State, County, or any other, for such sums as may appear from the execution docket to be due the State or County, or common schools, and other sums d,ue on such executions as have been placed in the hands of the sheriff, and which he has failed to return.”
In construing this statute the court, held that the power of the State to recover, under its provisions against the defaulting officer in executions in favor of individuals against individuals, was confined to the amount which, when collected, would belong either to the State or County revenue or the common school fund, and did not extend to the principal debt or costs belonging to private persons. But the principle of this decision is not applicable to cases 'where the State is plaintiff, and which remain as they did under the act of 1803. . We therefore affirm the judgment of the Circuit Court.